IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TOBIUS DAVIES, A1014982,<br><br>           Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF PUBLIC SAFETY, ET AL.,<br><br>           Defendants. | CIV. NO. 23-00382 JMS-WRP<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, ECF NO. 7, WITH LEAVE GRANTED TO AMEND |

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, ECF NO. 7, WITH LEAVE GRANTED TO AMEND**

Before the court is a First Amended Complaint for Violation of Civil Rights ("FAC"), ECF No. 7, filed by pro se Plaintiff Tobius Davies ("Davies") pursuant to 42 U.S.C. § 1983.[1] Davies alleges that Defendants[2] violated his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution during his incarceration at the Halawa Correctional Facility. *Id.* at PageID.117–PageID.118. After conducting the required screening pursuant to 28 U.S.C.

---

[1] Davies is currently incarcerated at the Saguaro Correctional Center in Eloy, Arizona. *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1014982"; and select "Search") (last visited Nov. 8, 2023).

[2] Davies names as Defendants Warden Shannon Cluney, Chief of Security Joanna White, Unit Team Manager Todd Anzai, and Inmate Grievance Specialist C. Laux in their individual capacities. ECF No. 7 at PageID.115–PageID.116.

§§ 1915(e)(2) and 1915A(a), the court DISMISSES the FAC with leave granted to amend.

## I. **STATUTORY SCREENING**

The court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id*.

In conducting this screening, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND[3]

On July 19, 2023, prison officials moved Davies into the HCF's "medium special holding unit" ("SHU") after he fought with another inmate. ECF No. 7 at PageID.118. According to Davies, he should have been either charged with a misconduct violation or returned to a general population housing unit within 15 days of his placement in the SHU. *See* ECF No. 1 at PageID.8. Davies received a "write up" 23 days after he moved into the SHU. ECF No. 7 at PageID.118.

Prior to an adjustment hearing before Anzai, Davies was not allowed to review purported video footage of the fight. *Id.* Davies also was not allowed to call any witnesses during the hearing. *Id.* At the end of the adjustment hearing,

---

[3] Davies' factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Anzai found Davies guilty of a violation and imposed a sentence of 30 days in the SHU.  ECF No. 1 at PageID.9.  After this 30-day period ended, Davies was not moved back to a general population housing unit.  ECF No. 7 at PageID.118.  Instead, Davies remained in the SHU until September 27, 2023.  *Id.*  According to Davies, he had no "privileges" and "rights" during his time in the SHU.  *Id.*

Davies alleges that Laux refused to provide him grievance forms.  *Id.* at PageID.119.  Laux also imposed a "grievance restriction" on Davies.  *Id.*  This restriction required Davies to submit written requests for grievance forms.  *Id.* at PageID.120.  When Davies submitted these requests, however, Laux refused to give him any grievance forms.  *Id.*  Despite this, Davies voiced his concerns to a unit manager, the chief of security, the warden, and the ombudsman.  *Id.*

Davies signed the Complaint on September 7, 2023.  ECF No. 1 at PageID.18.  On September 15, 2023, the court granted Davies' Application to Proceed In Forma Pauperis by a Prisoner.  ECF Nos. 2, 3.  On October 2, 2023, the court issued an Order Dismissing "Prisoner Civil Right Original Complaint," ECF No. 1, In Part with Partial Leave Granted to Amend."  ECF No. 4.  Although the court dismissed Davies' Fourteenth and Eighth Amendment claims, the court concluded that he stated a plausible First Amendment claim based on Laux's refusal to provide him with grievance forms.  *Id.* at PageID.45–PageID.62.  The court also denied Davies' motion to appoint counsel.  *Id.* at PageID.62–PageID.63.

The court received the FAC on October 31, 2023. ECF No. 7. Davies again alleges that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. *Id.* at PageID.117. He continues to seek $300,000 in damages. *Id.* at PageID.119. On the first page of the FAC, Davies states that he is "[demanding a] court appointed attorney." *Id.* at PageID.114.

### III.  DISCUSSION

A.  **Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable to suit under 42 U.S.C. § 1983. "First, plaintiffs may seek damages against a state official in his personal capacity." *Cornel*, 37 F.4th at 531 (citing *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016)). "Second, state officials are 'persons' under

§ 1983 when sued for prospective injunctive relief." *Id*. (citation omitted). This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." *Id*. (internal quotation marks and citation omitted).

**B.     Fourteenth Amendment: Due Process**

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)) (some brackets in original).

Protected liberty or property interests may arise under the Due Process Clause itself or state law. *See Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). "In the prison context, these interests are generally ones pertaining to liberty." *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1075 (S.D. Cal. 2007). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner

6

implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) ("We conclude that a convicted felon also is entitled to the benefit of procedures appropriate in the circumstances before he is found to have a mental disease and transferred to a mental hospital."), and *Washington v. Harper*, 494 U.S. 210, 221–22 (1990) ("[R]espondent possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.")).

Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." *Sandin*, 515 U.S. at 477–87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. In deciding whether an atypical and significant hardship exists, relevant considerations include

> 1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3)

whether the state's action will invariably affect the duration of the prisoner's sentence.[4]

*Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014) (internal quotation marks omitted).

### 1.  *Administrative Segregation*

Davies alleges that he should have been charged with a misconduct violation or returned to a general population housing unit within 15 days of being placed in administrative segregation on July 19, 2023.  *See* ECF No. 7 at PageID.118; *see also* ECF No. 1 at PageID.8–PageID.14.  According to Davies, he waited 23 days to receive a "write up."  ECF No. 7 at PageID.118.

"Typically, administrative segregation in and of itself does not implicate a protected liberty interest."  *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).  Davies has not plausibly alleged that the eight additional days he spent in administrative segregation while awaiting his adjustment hearing amounted to an atypical and significant hardship.  *See Johnson v. Dickinson*, 2017 WL 11648043, at *5 (C.D. Cal. Mar. 30, 2017) (concluding that extending period in administrative segregation by 60 days did not impose an atypical and significant hardship); *see also Dennison v. Harrington*, 2016 WL 6542706, at *4 (D. Haw.

---

[4]  The Ninth Circuit has not identified a specific baseline to measure what is atypical and significant.  *See Ashker v. Newsom*, 81 F.4th 863, 887 (9th Cir. 2023) (noting the parties' agreement that "the proper baseline when deciding whether a challenged condition is atypical and significant is fact-specific and varies from case to case").

Nov. 3, 2016) (concluding that 22 days "in administrative segregation *alone* does not show atypical and significant hardship sufficient to create a right to due process"); *Richardson v. Runnels*, 594 F.3d 666, 672–73 (9th Cir. 2010) (concluding that 15 days in administrative segregation "did not constitute atypical and significant hardship in relation to the ordinary incidents of prison life.").

Because Davies has not plausibly alleged a protected liberty interest, any due process claim based on the extra eight days he spent in administrative segregation cannot proceed and is DISMISSED with leave granted to amend.

### 2.  *Disciplinary Proceedings*

Davies further alleges that he was not allowed to review video footage before his adjustment hearing or call witnesses during that hearing.  ECF No. 7 at PageID.118.  At the conclusion of the adjustment hearing, Anzai found Davies guilty of a violation and imposed a sentence of 30 days in the SHU.  *Id.*

Again, Davies has not plausibly alleged how remaining in the SHU while he was in disciplinary segregation imposed on him an atypical and significant hardship.  *See Rodriguez v. Pearson*, 473 F. App'x 728, 728 (9th Cir. 2012) ("The district court properly dismissed [plaintiff's] due process claims because [plaintiff] failed to allege facts showing how placement in disciplinary segregation or the SHU imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.").  Indeed, Davies was housed in

the SHU both while he was in administrative segregation and disciplinary segregation. Davies does not allege that the conditions of his confinement changed after he transitioned from administrative segregation to disciplinary segregation. *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) ("Here, there is no allegation that Plaintiff's segregation in the SHU was materially different from those conditions imposed on inmates in purely discretionary segregation."). Because Davies has not plausibly alleged a liberty interest, his due process claims related to his disciplinary proceedings cannot proceed. *See Benscoter v. Yarborough*, 97 F. App'x 163, 164 (9th Cir. 2004) ("We . . . affirm the dismissal for failure to state a claim because [plaintiff's] 10-month SHU sentence did not deprive him of a state-created liberty interest in some 'unexpected manner,' nor was the hardship suffered sufficiently significant or atypical in relation to the ordinary incidents of prison life to state a claim under § 1983.").

Even assuming Davies identified a protected liberty interest, he fails to state a claim. When a prisoner faces disciplinary charges, prison officials must provide the prisoner with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where

the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974). As the Supreme Court has explained, however, an "inmate's right to present witnesses is necessarily circumscribed by the penological need to provide swift discipline in individual cases." *Ponte v. Real*, 471 U.S. 491, 495 (1985). Thus, "the right to call witnesses [is] a limited one." *Id.* at 499. Likewise, the Ninth Circuit has stated that "a prisoner's right to access and prepare evidence for a disciplinary hearing is not unlimited nor unfettered. It may be limited by prison officials if they have a legitimate penological reason." *Melnik v. Dzurenda*, 14 F.4th 981, 986 (9th Cir. 2021) (quotation marks and citation omitted). Thus, "[i]f granting a prisoner access to the requested evidence would be unduly hazardous to institutional safety or correctional goals, access may be denied." *Id.* at 986–87 (quotation marks and citation omitted).

Davies alleges that Anzai did not allow him to call witnesses or to review video footage. ECF No. 7 at PageID.118. Davies does not say how many witnesses he wanted to call, who the witnesses were, or what they would have said. It is also unclear if surveillance cameras captured the fight and if any such videos were relied on during Davies' disciplinary proceeding.

Davies' due process claims based on his adjustment hearing are DISMISSED with leave granted to amend.

## C. Eighth Amendment

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Id.* (citations omitted).

Here, although Davies cites the Eighth Amendment, *see* ECF No. 7 at PageID.117, he fails to link the conduct of any defendant to a constitutional violation. Any Eighth Amendment claim is DISMISSED with leave granted to amend. If Davies decides to file another amended pleading, he should consider the following legal standard.

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and one subjective." *Norbert v. City & County of San Francisco*, 10 F.4th 918, 927 (9th Cir. 2021) (quotation marks and citations omitted). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of 'the minimal civilized measure of life's necessities." *Id.* (quotation

marks and citations omitted). "The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." *Id.* at 928 (quotation marks and citation omitted). In general, the court analyzes separately each condition alleged in the Complaint. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981) ("[T]he court's principal focus must be on specific conditions of confinement. It may not use the totality of all conditions to justify federal intervention requiring remedies more extensive than are required to correct Eighth Amendment violations.").

**D.    First Amendment**

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and . . . a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations omitted).

Although prisoners do not have a "claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) (order), "[t]he right of meaningful access to the courts extends to established prison grievance procedures," *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). "This right is subsumed under the First Amendment right to petition the government for redress of grievances, [and] protects both the filing and content of prison grievances."

*Silverman v. Christian*, 2018 WL 2149791, at *1 (N.D. Cal. May 9, 2018).

"[I]nterference with the grievance process may, in certain circumstances, implicate the First Amendment." *Howell v. Lindquist*, 2019 WL 2491182, at *2 (E.D. Cal. June 14, 2019).

"To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." *Id.* (citation omitted). "It is actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* (internal quotation marks and citation omitted). The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost through "allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3).

The Court previously concluded that Davies stated a plausible First Amendment claim that could proceed based upon Davies' purported inability to petition for redress. *See* ECF No. 4 at PageID.61–62. In the FAC, however, although Davies again alleges that Laux refused to provide him grievance forms, Davies now acknowledges that he voiced his concerns to a unit manager, the chief

14

of security, the warden, and the ombudsman.  ECF No. 7 at PageID.122.  Because it is now evident that Davies had an opportunity to petition for redress—albeit not using any a grievance form—and Davies has not plausibly alleged that he suffered actual injury from any alleged violation of his rights, his First Amendment claim is DISMISSED with leave granted to amend.  *See Lee v. Chavez*, 1993 WL 501598, at *1 (9th Cir. 1993) ("Although a prisoner has a right to petition the government for redress of grievances, a prisoner does not necessarily have a constitutional right to a particular grievance procedure.") (citations omitted).

E.  **Appointment of Counsel**

On the first page of the FAC, Davies states that he is "[demanding a] court appointed attorney."  ECF No. 7 at PageID.114.  The court construes these words as a motion to appoint counsel.

There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Wright v. Dir. of Corr.*, 443 F. App'x 289, 293 (9th Cir. 2011).  A court may request, but cannot compel, counsel to appear pro bono on a plaintiff's behalf.  *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  The appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is limited to cases presenting "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  In

determining whether "exceptional circumstances" exist, courts consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citation omitted).  Neither of these considerations is dispositive, so they must be viewed together.  *Id.*

Here, Davies has not shown that his case presents exceptional circumstances.  Indeed, Davies offers no reasons for the Court to grant his request.  *See* ECF No. 7.  The issues presented are not complex, and, judging by the Complaint, Davies is well-able to articulate his claims pro se.  In addition, at this point, it is too early to tell if Davies claims are likely to succeed.  Accordingly, any motion to appoint counsel is DENIED without prejudice.

### IV.  **LEAVE TO AMEND**

The FAC is DISMISSED with leave granted to amend.  Davies must file any amended pleading on or before **December 8, 2023**.  Davies may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Davies must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an

amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

### V. **28 U.S.C. § 1915(g)**

If Davies fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### VI. **CONCLUSION**

(1) The FAC, ECF No. 7, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

17

(2) Davies must file any amended pleading on or before **December 8, 2023**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Davies may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Davies may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Davies a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 8, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Davies v. Dep't of Pub. Safety*, et al., Civ. No. 23-00382 JMS-WRP, Order Dismissing First Amended Complaint for Violation of Civil Rights, ECF No. 7, with Leave Granted to Amend